IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

| | |
|---|---|
| **NAKED, LLC**, <br><br> *Plaintiff*, <br><br> v. <br><br> **CHURCH & DWIGHT CO., INC**, <br><br> *Defendant*. | CASE NO. 10-CV-24597-AJ-JJO <br><br> Jury Demand |

### CHURCH & DWIGHT CO., INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant and Counterclaim-Plaintiff Church & Dwight Co., Inc. ("Church & Dwight"), by and through its undersigned counsel, hereby sets forth its Answer and Counterclaims to Plaintiff's Complaint for Patent infringement ("Complaint").

### PARTIES

1.  Church & Dwight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2.  Church & Dwight admits the allegations contained in Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3.  Church & Dwight denies that Plaintiff has any viable claim for patent infringement arising under the patent laws of the United States. The remaining allegations of Paragraph 3 are legal conclusions that require no admission or denial.

4.  Church & Dwight admits that it has sold or offered for sale condoms in the Southern District of Florida, including TROJAN® Her Pleasure® ECSTASY™ Lubricated

Condoms, TROJAN® Ultra Ribbed ECSTASY™ Lubricated Condoms, and the MAGNUM® ECSTASY™ Lubricated Condoms, but denies that these condoms are infringing.  Church & Dwight denies the remaining allegations of Paragraph 4.

5. Church & Dwight admits that it conducts business in Florida.  Church & Dwight denies the remaining allegations in Paragraph 5 of the Complaint.

6. Church & Dwight denies the allegations in Paragraph 6 of the Complaint.

7. Church & Dwight denies that it has committed any acts of infringement.  The remaining allegations of Paragraph 7 are legal conclusions that require no admission or denial.

## BACKGROUND

8. Church & Dwight admits that attached to the Complaint is what purports to be a copy of U.S. Patent No. No. 5,855,206 ("the '206 Patent"), entitled "Loose Prophylactic Sack Device Having Improved Closure."  Church & Dwight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and therefore denies them.

9. Church & Dwight admits that the face of the '206 patent states that it issued on January 5, 1999 and that the face of the '206 patent identifies Jud Ireland as the inventor.  Church & Dwight denies that the '206 Patent was duly and legally issued.

10. Church & Dwight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies them.

11. Church & Dwight denies the allegations in Paragraph 11 of the Complaint.

**INFRINGMENT BY DEFENDANT OF U.S. PATENT NO. 5,855,206**

12. Church & Dwight restates and incorporates by reference its responses to paragraphs 1-11 of the Complaint as if fully set forth herein.

13. Church & Dwight denies the allegations in Paragraph 13 of the Complaint.

14. Church & Dwight denies the allegations in Paragraph 14 of the Complaint.

15. Church & Dwight denies the allegations in Paragraph 15 of the Complaint.

16. Church & Dwight denies the allegations in Paragraph 16 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**
**(FAILURE TO STATE A CLAIM)**

17. Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**
**(NON-INFRINGEMENT)**

18. Church & Dwight and its customers have not infringed, directly or indirectly, or willfully infringed any valid and enforceable claim of the '206 Patent, either literally or under the doctrine of equivalents.

**THIRD DEFENSE**
**(INVALIDITY)**

19. The claims of '206 Patent are invalid, void, and/or unenforceable for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including, without limitation, one or more of §§ 101, 102, 103, 112, 116, 132, and 256.

**FOURTH DEFENSE**
**(PROSECUTION HISTORY ESTOPPEL)**

20. The claims of the '206 Patent are limited by the text of the patent, the prosecution history, and/or the prior art so that Plaintiff is estopped, or otherwise precluded, from asserting that any claim is infringed by Church & Dwight literally or by equivalents.

### FIFTH DEFENSE
### (LACHES, ESTOPPEL, ACQUIESENCE, OR WAIVER)

21.     Plaintiff's claims are barred by the doctrine of laches, estoppel, acquiescence and/or waiver.

### SIXTH DEFENSE
### (UNCLEAN HANDS)

22.     The '206 Patent is unenforceable by reason of Plaintiff's unclean hands and/or patent misuse in attempting to enforce the '206 Patent in bad faith, knowing that the '206 Patent is invalid, unenforceable, and/or not infringed by Church & Dwight, contrary to the laws of the United States.

### SEVENTH DEFENSE
### (LIMITATIONS ON DAMAGES)

23.     Plaintiff's claim for damages, if any, against Church & Dwight and its customers is statutorily limited by 35 U.S.C. § 287.

### EIGHTH DEFENSE
### (LACK OF STANDING)

24.     Plaintiff does not have standing to bring an action of the '206 Patent under the Patent Laws of the United States.

### CHURCH & DWIGHT'S COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Church & Dwight Co., Inc. ("Church & Dwight") states as follows:

### PARTIES

1. Church & Dwight is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at Princeton, NJ 08543.

2. On information and belief, Naked, LLC ("Naked") is a limited liability company having a principal place of business at 50 South Pointe Drive, Miami Beach, FL 33139.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this counterclaim pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367, and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

4. This Court has personal jurisdiction over Plaintiff and Counterclaim-Defendant.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1400(b).

## COUNTERCLAIM I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,855,206

6. Church & Dwight restates and incorporates by reference Counterclaim Paragraphs 1-5 as if fully set forth herein.

7. There is an actual, substantial, and continuing justiciable controversy between Church & Dwight and Plaintiff and Counterclaim-Defendant Naked regarding the infringement, validity, and enforceability of the '206 Patent.

8. Church & Dwight has not infringed, directly or indirectly, any valid and enforceable claim of the '206 Patent, either literally or under the doctrine of equivalents.

9. Church & Dwight has not willfully infringed any valid and enforceable claim of the '206 Patent.

10. Church & Dwight is entitled to a declaration that it does not infringe any valid and enforceable claim of the '206 Patent.

## COUNTERCLAIM II

**Declaratory Judgment of Invalidity and/or Unenforceability of U.S. Patent No. 5,855,206**

11. Church & Dwight restates and incorporates by reference Counterclaim Paragraphs 1-10 as if fully set forth herein.

12. There is an actual, substantial, and continuing justiciable controversy between Church & Dwight and Plaintiff and Counterclaim-Defendant Naked regarding the validity and enforceability of the '206 Patent.

13. The claims of the '206 Patent are invalid, void, and/or unenforceable for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including, without limitation, one or more of §§ 101, 102, 103, 112, 116, 132, and/or 256.

14. The '206 Patent is also unenforceable by reason of Plaintiff and Counterclaim-Defendant's unclean hands and/or patent misuse in attempting to enforce the '206 Patent in bad faith, knowing that the '206 Patent is invalid, unenforceable, and/or not infringed by Church & Dwight.

15. Church & Dwight is entitled to a declaration that all claims of the '206 Patent are invalid, void, and/or unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Church & Dwight requests the entry of judgment in its favor on both the Complaint and Church & Dwight's Counterclaims and prays that the Court:

(a) declare that Church & Dwight has not infringed any claim of the '206 Patent, either literally or under the doctrine of equivalents;

(b) declare that Church & Dwight has not willfully infringed any claim of the '206 Patent;

(c) declare that the '206 Patent is invalid, void, and/or unenforceable;

(d) enjoin and restrain Plaintiff and Counterclaim-Defendant, and those persons in active concert or participation with Plaintiff and Counterclaim-Defendant, from further charges of infringement or acts of enforcement based upon the '206 Patent against Church & Dwight, its actual and prospective customers, suppliers, and anyone else in privity with Church & Dwight;

(e) enter judgment against Plaintiff and Counterclaim-Defendant and in favor of Church & Dwight and dismiss the Complaint in its entirety with prejudice;

(f) declare that Plaintiff and Counterclaim-Defendant take nothing by reason of its claims against Church & Dwight;

(g) conclude that this case is exceptional and award Church & Dwight its reasonable attorneys' fees under 35 U.S.C. § 285, together with the costs and disbursements of this action; and

(h) award such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Andrew L. Hoffman
Matthew Triggs (Florida Bar No. 0865745)
Andrew L. Hoffman (Florida Bar No. 0069074)
PROSKAUER ROSE LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, Florida 33431
Telephone: (561) 241-7400
Facsimile: (561) 241-7145
mtriggs@proskauer.com
ahoffman@proskauer.com

        James H. Shalek (*pro hac vice* to be filed)
        Baldassare Vinti (*pro hac vice* to be filed)
        Colin G. Cabral (*pro hac vice* to be filed)
        PROSKAUER ROSE LLP
        Eleven Times Square
        New York, NY 10036-8299
        Telephone: 212-969-3000
        Facsimile: 212-969-2900
        jshalek@proskauer.com
        bvinti@proskauer.com
        ccabral@proskauer.com

        *Attorneys for Defendant and Counterclaim-Plaintiff Church & Dwight Co., Inc.*

## JURY DEMAND

Defendant and Counterclaim-Plaintiff, Church & Dwight Co., Inc. hereby demands a jury trial on all claims, counterclaims, defenses, and other issues so triable by the maximum number of jurors allowed by law.

        /s/ Andrew L. Hoffman
        *One of the Attorneys for Defendant and Counterclaim-Plaintiff Church & Dwight Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2011, a copy of the foregoing Defendant Church & Dwight Co., Inc.'s Answer and Counterclaims to Plaintiff's Complaint for Patent Infringement was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        /s/ Andrew L. Hoffman
        *One of the Attorneys for Defendant and Counterclaim-Plaintiff Church & Dwight Co., Inc.*