IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

NAKED, LLC,

Plaintiff,

v.

CHURCH & DWIGHT CO., INC,

Defendant.

CASE NO. 10-CV-24597-AJ-JJO

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Naked, LLC ("Naked") and Defendant Church & Dwight Co., Inc.

("C&D") believe that certain information encompassed by discovery demands made in this

action may constitute trade secrets or other confidential research, development and/or

commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil

Procedure or any other applicable local rule of the Court; and

WHEREAS, each of the foregoing parties believes that it would serve its interest to

conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure;

**IT IS HEREBY ORDERED** that:

1.      This Protective Order shall apply to all information, documents and things subject

to discovery in this Action and within the possession, custody or control of C&D, Naked or their

related entities, and believed by a party or its related entity or nonparty to contain trade secrets or

other confidential research, development and/or commercial information within the meaning of

Rule 26(c) (hereafter "Confidential Materials"), including, without limitation, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents produced, information obtained from inspection of premises or things, and answers to requests for admission, or third party information and/or documents disclosed pursuant to subpoena under Fed. R. Civ. P. 45. As used herein, "Action" shall mean this litigation and any adjunct proceeding incident hereto before any other tribunal. Confidential Materials shall include all information, documents, and things referring or relating to the foregoing, including but not limited to copies, summaries, or abstracts of the foregoing.

2.      In determining the scope of information which a party may designate as its Confidential Material, each party acknowledges the importance of client access to all information material to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Confidential Material and responses to requests to permit further disclosure of Confidential Material shall be made in good faith and not (1) to impose burden or delay on an opposing party, (2) for tactical or other advantage in litigation, or (3) in order to avoid embarrassment.

3.      Nothing in this Stipulation and Protective Order shall preclude any party from disclosing or using, in any matter or for any purpose, any information which: (i) is public knowledge; (ii) was lawfully in the receiving party's possession prior to being designated as Confidential Material in this litigation; or (iii) was obtained from a third party having the apparent right to disclose such information without restriction or obligation of confidentiality. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any Confidential Materials if said person already has or obtains legitimate possession thereof

- 2 -

without restriction or obligation of confidentiality.

  4.  The producing party shall label or mark each document and thing that it deems to be Confidential Materials with the following term:

**"CONFIDENTIAL"**

  5.  The parties may further designate as "CONFIDENTIAL - LEVEL II" those Confidential Materials that contain confidential information that is especially sensitive and could cause significant competitive harm if disclosed to an unauthorized party, including, without limitation, technical, research and development, business, product and/or strategic plans and financial information. This designation shall be made in good faith. The parties shall label or mark each such document and thing with the following term:

**"CONFIDENTIAL - LEVEL II"**

  6.  The labeling or marking of a document with the designation "CONFIDENTIAL," or "CONFIDENTIAL - LEVEL II," shall be made when a copy of the document or thing is provided to the receiving party. Any such designation that is inadvertently omitted may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL" or "CONFIDENTIAL - LEVEL II" as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated. If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation in respect to the information disseminated.

- 3 -

7.    In the case of deposition upon oral examination or written questions, such testimony shall be deemed "CONFIDENTIAL - LEVEL II" until the expiration of thirty (30) days after the receipt of the transcript of the deposition. Pages or entire transcripts of testimony given at a deposition or hearing may be designated as containing "CONFIDENTIAL" or "CONFIDENTIAL - LEVEL II" information by an appropriate statement either at the time of the giving of such testimony or by written notification within thirty (30) days after the deposition.

8.    Information designated as "CONFIDENTIAL" shall be disclosed only to:

(a)    the United States District Court for the Southern District of Florida and its officers;

(b)    counsel of record for C&D and Naked (including local and trial counsel), partners, associates and employees of counsel of record for C&D and Naked, including any member of the support staff assisting such counsel, in-house and outside copy services retained by counsel of record, independent legal translators retained by counsel of record to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action;

(c)    the following in-house counsel and their respective secretarial, clerical and paralegal personnel:

**For C&D:**

Stephen B. Shear, Esq.

- 4 -

**For Naked:**

None.

In addition to the individuals named, each party reserves the right to name a substitute for any of the foregoing individuals, upon prior written notice to counsel for all other parties to the above-captioned litigation. Within five (5) business days of receiving such notice, counsel for a party so notified may serve an objection and assert that the disclosure of Confidential Materials should not be made to the named individual. Upon such objection, Confidential Materials shall not be disclosed to the named individual absent agreement of the parties or further order of the Court. The party objecting to disclosure shall bear the burden of showing the need for precluding access. If no objection is made within five (5) business days of notification, the named individual may have access to the Confidential Materials subject to and in accordance with the terms of this Confidentiality Agreement.

(d)     the following corporate representatives as well as their secretarial and clerical personnel:

**For C&D:**

Bruce Weiss and Susan E. Goldy, Esq.

**For Naked:**

Jud Ireland

In addition to the individuals identified above, or to be determined, each party reserves the right to name a substitute for any of the foregoing individuals,

upon prior written notice to counsel for all other parties to the above-captioned

litigation. Within five (5) business days of receiving such notice, counsel so

notified may serve an objection and assert that the disclosure of Confidential

Materials should not be made to the named individual. Upon such objection,

Confidential Materials shall not be disclosed to the named individual absent

agreement of the parties or further order of the Court. The party objecting to

disclosure shall bear the burden of showing the need for precluding access. If no

objection is made within five (5) business days of notification, the named

individual may have access to the Confidential Materials subject to and in

accordance with the terms of this Confidentiality Agreement.

(e)     any independent experts or consultants engaged by counsel or the parties

to assist in this litigation, including their secretarial and clerical personnel,

provided that disclosure to such persons shall be made only on the

conditions set forth in paragraph 10 below; and

(f)     members of an independent data entry or data processing staff assisting in

the development or use of data retrieval systems in connection with this

action and retained by the parties or their attorneys, provided that

disclosure to such data entry or data processing staff shall be made only on

the conditions set forth in paragraph 10 below.

9.     Documents marked "CONFIDENTIAL - LEVEL II" may be disclosed and

disseminated only to the persons designated in paragraphs 8(a), 8(b), 8(c), 8(e) and 8(f). Further,

documents marked "CONFIDENTIAL - LEVEL II" shall not be disseminated to persons

- 6 -

identified in paragraphs 8(d).

10.     Trial counsel desiring to disclose Confidential Materials to corporate representatives, experts or consultants specified in paragraphs 8(c), 8(d), 8(e), or 8(f) above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such corporate representative, expert or consultant, and such counsel shall retain in his/her files the original of each such signed undertaking. A copy of the proposed undertaking shall be forwarded to opposing counsel with the current curriculum vitae for experts or consultants specified in 8(e) and 8(f). No Confidential Materials shall be disclosed to such expert or consultant until after the expiration of a ten (10) business day period commencing with the receipt by opposing counsel of a copy of the proposed undertaking and curriculum vitae, provided, however, that if during that ten (10) business day period opposing counsel makes an objection to such disclosure, there shall be no disclosure of Confidential Materials to such expert or consultant, except by mutual agreement of the parties or further order of the Court.

11.     Documents designated as "CONFIDENTIAL" or "CONFIDENTIAL - LEVEL II" shall not be made public by the receiving party or divulged to anyone other than the persons entitled to access under this Protective Order and shall be used by the receiving party and designated recipients solely for purposes of this action.

12.     Pursuant to Local Rule 5.4, C&D and Naked shall request to seal or otherwise restrict public access to any briefs, transcripts, exhibits, depositions, or documents filed with the Court which comprise, embody, summarize, discuss, or quote from documents or tangible things designated as either "CONFIDENTIAL" or "CONFIDENTIAL - LEVEL II" by formal motion pursuant to Local Rule 7.1, unless the parties otherwise agree in writing that the Confidential

Information may be publicly disclosed or the Court otherwise orders. Where reasonably

practicable, only the portion of the documents consisting of such items or information shall be

lodged under seal. Such items of information shall be filed or lodged in sealed envelopes or

other appropriate sealed containers. Each sealed envelope or container shall be endorsed with the

title and case number of this action, and a statement in substantially the following form:

> CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. THE
> MATERIALS CONTAINED HEREIN HAVE BEEN DESIGNATED
> AS CONFIDENTIAL [OR CONFIDENTIAL – LEVEL II]
> PURSUANT TO PROTECTIVE ORDER AND MAY NOT BE
> EXAMINED OR COPIED EXCEPT BY THE COURT OR
> PURSUANT TO COURT ORDER.

13.     Nothing in this Protective Order shall require disclosure of material that a party

contends is protected from disclosure by the attorney-client privilege or the attorney work-

product immunity or any other applicable privilege. The party producing documents and things

may withhold documents and things protected by the attorney-client privilege, work product

immunity and/or other applicable privilege, provided that proper identification is made on the

producing party's list of such documents and things. This shall not preclude any party from

moving the Court for an Order directing the disclosure of such material.

14.     The acceptance by a party of documents designated as either "CONFIDENTIAL"

or "CONFIDENTIAL - LEVEL II" shall not constitute an agreement, admission or concession,

or permit an inference, that the material(s) are in fact properly the subject for protection under

Fed. R. Civ. P.26 (c) or some other basis. Documents designated "CONFIDENTIAL" or

"CONFIDENTIAL - LEVEL II" shall be treated in accordance with the provisions of this

Protective Order, except that any party may at any time seek an Order from the Court

determining that specified information or categories of information are not properly designated as

- 8 -

"CONFIDENTIAL," or that the designation of "CONFIDENTIAL - LEVEL II" is inappropriate, *provided that* prior to making such a motion the parties shall meet and confer in good faith to resolve any differences over the designation. On such a motion, the party asserting confidentiality shall have the burden of proving that the Confidential Material in question is protectable under Fed. R. Civ. P.26 (c) or some other basis, or, as the case may be, that the designation "CONFIDENTIAL - LEVEL II" is necessary under the circumstances. A party shall not be obligated to challenge the propriety of a designation of Confidential Material at the time made, and failure to do so shall not preclude subsequent challenge. Should any party (or non-party) seek an Order from the Court to determine whether specified information or categories of information are not properly designated as "CONFIDENTIAL," or that the designation of "CONFIDENTIAL - LEVEL II" is inappropriate, the claimed designation shall remain operative and respected by all the parties and non-parties pending the Court's ruling.

15.     Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced documents or information, including all copies thereof, shall be returned to the producing party immediately upon request. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned, provided, however, that the receiving party may move the Court

for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact of the inadvertent production.

16.    In the event of any accidental or inadvertent disclosure of Confidential Material other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential Material from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential Material in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

17.    The recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in no event less than due care. Each recipient of any Confidential Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

18.    This Protective Order shall not prevent the parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves to modifications of this Protective Order.

19.    Confidential Materials shall be used solely for the purposes of this action, subject to the provisions of this Protective Order and any further Order regarding confidentiality as the Court may enter.  Confidential Materials shall not be used for any other purpose except as

- 10 -

expressly provided herein or by further Order of the Court.

20.     In the event that a party desires to provide access to or disseminate Confidential Materials to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

21.     Within sixty (60) days after the final conclusion of this action, including any appeals, all Confidential Materials produced by any party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed.  Counsel of record may retain a copy of all correspondence, pleadings, motion papers, discovery responses, deposition and trial transcripts, legal memoranda and work product.

22.     This Protective Order shall survive the final termination of this action with respect to any retained Confidential Materials.

23.     Nothing in this Protective Order shall prevent or otherwise restrict outside counsel from rendering advice to their clients and, in the course thereof, relying generally on Confidential Material, provided, however, that in rendering such advice counsel shall not disclose, reveal or describe any such materials except insofar as allowed (if allowed at all) under the terms of this Protective Order.

24.     Nothing in this Protective Order shall prohibit the disclosure of Confidential Material to the person or persons who authored the document or to whom the document was addressed or people copied thereon or person or persons reasonably believed to have knowledge about the subject matter of the document.  In addition, a receiving party may use Confidential

- 11 -

Materials during the deposition of agents, employees, or other individuals offered as Rule 30(b)(6) deponents by the party producing the Confidential Material; in this event, however, the producing party may exclude certain individuals as set forth in paragraph 25 below.

25.     If a party wishes to use Confidential Material at the deposition of any witness not entitled to have access to such Confidential Materials (for instance if Confidential Material may be revealed or referred to in a question that will be put to the witness at a deposition upon oral examination or Confidential Materials will be used as exhibits during examination), such Party shall so obtain the consent of the party producing the Confidential Materials, in advance where possible, and the failure of the examining attorney to obtain such consent shall not be grounds for delaying the deposition or progress of the deposition, without the consent of all persons attending or scheduled to attend the deposition.

26.     Counsel for a party or non-party providing Confidential Information during a deposition may request that all persons, other than persons entitled by this Order to have access to the information, leave the deposition room during that portion of the deposition. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question pending resolution of the issue by the Court.

27.     No copy of any transcript of any deposition which is designated, in part or in whole, as "CONFIDENTIAL" or "CONFIDENTIAL -LEVEL II" in accordance with paragraphs 4 through 7 hereof shall be furnished by the court reporter to any person other than to counsel of record and counsel for a non-party, if the furnished transcript is of the non-party's own deposition. The original of any transcript of any deposition designated as "CONFIDENTIAL" or "CONFIDENTIAL - LEVEL II" if required to be filed, shall be filed with the Court under seal in

accordance with paragraph 12 hereof, unless otherwise stipulated by C&D, Naked and counsel for a non-party, if the transcript is of the non-party's own deposition.

      28.     If at any time Confidential Material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to object to the production of confidential materials. If a Producing Party does not move for a protective order within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such Discovery Material in response thereto.

      29.     The terms of this Protective Order may be applied to the Confidential Materials of a non-party, as long as that non-party agrees in writing to be bound by the terms of this Protective Order.

      30.     By affixing their signatures below, the parties agree to abide by the terms of this Stipulation until this Order or a further protective order is entered by the Court. Upon the signing of this Order by the Court, this Order shall be effective as against all party signatories hereto as of the date of such signature of that party or party's representative, thereby rendering this Order effective *nun pro tunc* to the date of such party's signature.

- 13 -

**APPROVED AS TO FORM AND SUBSTANCE:**

By: /s/ Daniel R. Ferri
Raymond P. Niro
Timothy J. Haller
Frederick C. Laney
Daniel R. Ferri
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
rniro@nshn.com
haller@nshn.com
laney@nshn.com
dferri@nshn.com

Willie Gary
Maria P. Sperando
GARY, WILLIAMS, FINNEY, LEWIS,
WATSON & SPERANDO, P.L.
Waterside Professional Building
221 E. Osceola Street
Stuart, FL 34994
(772) 283-8260
Fax : (772) 220-3343
MPS@williegary.com

*Attorneys for Plaintiff*
*Naked, LLC*

Dated: August 5, 2011


**SO ORDERED:**

Dated: 8|23, 2011

By: /s/ Baldassare Vinti
James H. Shalek (Admitted *pro hac vice*)
Baldassare Vinti (Admitted *pro hac vice*)
Colin G. Cabral (*pro hac vice* to be filed)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Telephone: 212-969-3000
Facsimile: 212-969-2900
jshalek@proskauer.com
bvinti@proskauer.com
ccabral@proskauer.com

Matthew Triggs (Florida Bar No. 0865745)
Andrew Hoffman (Florida Bar No. 0069074)
PROSKAUER ROSE LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, Florida 33431
Telephone: (561) 241-7400
Facsimile: (561) 241-7145
mtriggs@proskauer.com
ahoffman@proskauer.com


*Attorneys for Defendant,*
*Church & Dwight Co., Inc.*

Dated: August 5, 2011


JOHN J. O'SULLIVAN
United States District Judge
Magistrate

- 14 -

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
#### (Miami Division)

NAKED, LLC,

　　　　　　　*Plaintiff,*

　　　　v.

CHURCH & DWIGHT CO., INC,

　　　　　　　*Defendant.*

CASE NO. 10-CV-24597-AJ-JJO

### UNDERTAKING CONCERNING RECEIPT OF CONFIDENTIAL
### MATERIALS SUBJECT TO PROTECTIVE ORDER

I, _____ declare that:

1.　　My present residential address is_____

_____.

2.　　My present employer is _____

and the address of my present employer is _____

_____.

3.　　My present occupation or job description is _____

_____.

- 1 -

4.      I have received and carefully read the Protective Order in this Action dated

_____, 2011, and understand its provisions. As a condition precedent to receiving

any Confidential Materials, as such are defined in the Protective Order, I agree to subject myself

to the personal jurisdiction of this Court with respect to the enforcement of the provisions of the

attached Protective Order.  I understand that I am obligated, under Order of the Court, to hold in

confidence and not to disclose the contents of any document marked or later designated pursuant

to the Protective Order as "CONFIDENTIAL" or "CONFIDENTIAL - LEVEL II" to anyone

other than those persons identified in paragraphs 8 and 9 of the Protective Order to the extent that

such persons are qualified to review such information.  I further understand that I am not to

disclose to persons other than those persons identified in paragraphs 8 and 9 of the Protective

Order any words, substances, summaries, abstracts or indices of Confidential Materials or

transcripts disclosed to me.  In addition to the foregoing, I understand that I must abide by all of

the provisions of the Protective Order.

5.      At the termination of this action or at any time requested by counsel of record in

this action, I will return to counsel of record in this action all documents and other materials,

including notes, computer data, summaries, abstracts, or any other materials including or

reflecting Confidential Materials which have come into my possession, and will return all

documents or things I have prepared relating to or reflecting such information.

6.      I understand that if I violate the provisions of this Protective Order, I will be in

violation of a Court Order and subject to sanctions or other remedies that may be imposed by the

Court and potentially liable in a civil action for damages by the disclosing party.

- 2 -

7.    I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on: _____          By:_____